Dear Mayor Windham:
Your inquiry of recent date is related to the facts and circumstances reviewed by this office in Attorney General Opinion 00-355. Briefly restated herein, the Board of Aldermen of the Village of Killian, and you in your capacity as mayor, have been in dispute over the amount owed Mr. Lee Gray, CPA, for his services performed as auditor for the Village of Killian. You relate that in October of 2000, Dr. Dan Kyle, the state legislative auditor, in writing instructed the Village to pay Mr. Gray $4,410.00, the remaining balance allegedly owed Mr. Gray.
In December 2000, the Village received an anonymous donation in the exact amount of $4,410.00 delivered by a Village alderman. The conditions of the donation related by the alderman to the board were that (1) the donor desires to remain anonymous, and (2) that the donation be used to pay the balance of Mr. Gray's bill.
The Village has in fact written and mailed a check to Mr. Gray for $4,410.00. Your questions arising from these circumstances are:
 1. Can the Village of Killian accept anonymous donations?
 2. Can the donor specify where the money is to be spent?
 3. Has anything illegal or unethical taken place with the Aldermen's actions to prevent Mr. Gray from accepting this payment?
Note first that the Village may accept donations, anonymous or otherwise, per the constitutional authority of LSA-Const. Art. 6 § 23 (La. 1974), which provides:
 § 23. Acquisition of Property
 Section 23. Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
We find nothing in the law requiring the donor to reveal his identity in the circumstances presented. The funds received may be used to defray those expenses owed by the Village, which apparently was done. As a legal use of the money donated was accomplished, it matters not that a condition of the donation was that the money be used in that manner. Finally, we find no illegality attendant to the board's actions from the facts related in your correspondence.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams